IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41320

Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

JOHNNY WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(01-CR-721)
_____

August 16, 2002

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Johnny Wright appeals his conviction and sentence for possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841. He argues that prosecutorial misconduct prejudicially affected his substantial rights, that the district court erred in denying his request for a minor role adjustment, and that 21 U.S.C. § 841 is unconstitutional. We affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wright argues that the prosecutor intentionally elicited inadmissible hearsay testimony from Agent Michelle Williams, attesting to Wright's knowledge of the marijuana in the vehicle he was driving. Although the testimony should not have been elicited, it did not prejudice Wright's substantive rights.[1] The district court gave a curative instruction, and the hearsay testimony was duplicative of testimony given later in the trial. Given the substantial evidence of Wright's guilt, we cannot say that the prosecutor's comments prejudiced Wright's substantive rights.

Wright also alleges that the prosecutor elicited hearsay when she asked Alfredo Ortiz whether he told Agent Williams everything he knew. As Wright notes, Ortiz's statement falls under the rule defining prior consistent statements as non-hearsay only if Ortiz made the statement to Agent Williams before a motive to fabricate arose.[2] Because defense counsel did not object, we review only for plain error.[3] Ortiz said he was not aware at the time of his statement to Agent Williams that Wright had implicated him, and he denied any revenge motives. There was no evidence that Ortiz had entered into any cooperation agreement at the time he was interviewed by Agent Williams. Thus it is not obvious that Ortiz's statement was made after a motive to fabricate arose, and there is

---

[1] *See United States v. Lankford*, 196 F.3d 563, 574 (5th Cir. 1999) (outlining two-step process for evaluating prosecutorial misconduct).

[2] FED. R. EVID. 801(d)(1)(B).

[3] *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001).

no plain error here.

Wright also argues that the prosecutor improperly attempted to elicit from Agent Williams evidence of his post-arrest silence. Agent Williams testified to the contrary and was precluded from answering the offending question when the judge noted that the question was improper.

Wright further alleges that he should have received a two-level downward adjustment under the Sentencing Guidelines for being a minor participant in criminal activity. We review a judge's finding in this regard under a clearly erroneous standard.[4] A defendant has the burden of showing that he is entitled to the downward adjustment,[5] and Wright failed to show that he was substantially less culpable than Ortiz and Barron in the transportation of 27 kilograms of marijuana. The denial of the minor role adjustment was not clear error.

Furthermore, although Wright claims that the provisions of 21 U.S.C. § 841(a) and (b) are unconstitutional under *Apprendi v. New Jersey*,[6] his argument is foreclosed by our decision in *United States v. Slaughter*.[7]

AFFIRMED.

---

[4] *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001).

[5] *Id.*

[6] 530 U.S. 466 (2000).

[7] 238 F.3d 580, 582 (5th Cir. 2000).